UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DIVERSAPACK LLC,

                      Plaintiff,

         -against-

ELITE STAFFING, INC.,

                      Defendant.
-----------------------------------------------------------X

FEUERSTEIN, J.

**ORDER**
11-CV-2482 (SJF)(ETB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    MAR 2 0 2012    ★

LONG ISLAND OFFICE

On May 23, 2011, plaintiff Diversapack LLC ("plaintiff" or "Diversapack") commenced this action against defendant Elite Staffing, Inc. ("defendant" or "Elite Staffing"), alleging breach of contract and seeking a declaratory judgment. [Docket Entry No. 1]. Before the Court is defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). [Docket Entry No. 7]. For the reasons that follow, defendant's motion is granted.

I.      Background[1]

Plaintiff is a Georgia limited liability company with a principal place of business in Commack, New York. Compl. at ¶ 4. Defendant is an Illinois corporation with a principal place of business in Chicago, Illinois. Id. at ¶ 5.

Plaintiff, through its wholly owned affiliates, is engaged in three (3) businesses: (1) the

---

[1] For purposes of defendant's motion to dismiss, the factual allegations in the complaint are taken as true. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

1

manufacture of "plastic films"; (2) the manufacture of shampoo, skincare products, and cosmetics; and (3) the re-packaging of goods. Id. at ¶ 8. Each business requires a significant amount of manual labor. Id. At all times relevant to this action, plaintiff, through its affiliates, operated nine (9) factories, located in Illinois, Ohio, California, Indiana, Pennsylvania, and North Carolina. Id. Defendant, a provider of temporary employment services, provided staffing to plaintiff at five (5) of those nine (9) facilities. Id. at ¶ 1.

On or about June 8, 2009, plaintiff and defendant entered into an agreement requiring defendant to provide staffing at plaintiff's facilities (the "Staffing Agreement"). Id. at ¶ 9. Under the terms of the Staffing Agreement, defendant was to "recruit and select" workers for plaintiff, although those workers were to remain the employees of defendant. Id. at ¶ 11. Defendant was responsible for, inter alia, paying wages, any worker's compensation injury claims, and for tax withholding. Id. at ¶ 11. Defendant was also responsible for ensuring that the workers it supplied had the legal right to work in the United States. Id. at ¶ 12. Between June 2009 and April 2011, defendant provided "hundreds" of workers to plaintiff, and was paid more than twenty-five million dollars ($25,000,000.00). Id. at ¶ 14.

"Differences" arose between the parties, and on or about April 22, 2011, the parties mutually agreed to terminate the Staffing Agreement. Id. at ¶ 15. Plaintiff engaged a new agency, Belcan Staffing, to fill its staffing needs. Id. at ¶ 16. Shortly after the Staffing Agreement had been terminated, plaintiff "learned for the first time that hundreds of Elite employees which had been sent to work at Diversapack's facilities had been illegal aliens who were not authorized to work in the United States." Id. at ¶ 16. Plaintiff alleges that it was left with a shortage of workers, "lost production and sales," incurred "replacement worker costs," and

was "improperly billed" for the "placement of illegal workers." Id. at ¶¶ 17-18. Plaintiff further alleges that it has suffered from "significant reputational harm" as a result of these events. Id. at ¶ 2.

Defendant now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).

II. Discussion

    A. Motion to Dismiss Pursuant to Rule 12(b)(2)

"A motion to dismiss must be granted if a court lacks personal jurisdiction over a defendant." Pearson Educ., Inc. v. Kumar, 721 F.Supp.2d 166, 181 (S.D.N.Y. 2010) (citing Fed. R. Civ. P. 12(b)(2)). "The plaintiff bears the burden of proving personal jurisdiction over a defendant." Id. (citations omitted). "However, pleading a legally sufficient basis for jurisdiction satisfies that burden; and prior to discovery, only a prima facie showing is required to meet that burden." Id. (citations omitted); see also Penguin Group (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34-35 (2d Cir. 2010) ("In order to survive a motion to dismiss for lack of personal jurisdiction, plaintiff must make a prima facie showing that jurisdiction exists."). Plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010) (citation and internal bracketing omitted).

"[A]ll pertinent documentation submitted by the parties may be considered in deciding th[is] motion," Kumar, 721 F.Supp.2d at 182 (quoting Energy Brands, Inc. v. Spiritual Brands, Inc., 571 F.Supp.2d 458, 463 (S.D.N.Y. 2008)), and the pleadings submitted must be construed

3

"liberally for the benefit of the plaintiff[]," id. (citations omitted).

"In diversity actions, the extent of the court's personal jurisdiction is governed by New York law, as circumscribed by the Due Process Clause of the United States Constitution." ESI, Inc. v. Coastal Corp., 61 F.Supp.2d 35, 50 (S.D.N.Y. 1999); see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). "In order to establish personal jurisdiction over a defendant under New York law, the plaintiff must demonstrate either that the defendant was "present" and "doing business" in New York within the meaning of New York Civil Procedure Law and Rules ("N.Y. C.P.L.R.") § 301, or that the defendant committed acts within the scope of New York's long-arm statute, N.Y. C.P.L.R. § 302." Zibiz Corp. v. FCN Tech. Solutions, 777 F.Supp.2d 408, 416 (E.D.N.Y. 2011) (citing Schultz v. Safra Nat. Bank of N.Y., 377 Fed. Appx. 101, 102 (2d Cir. 2010)).

B. General Jurisdiction Pursuant to Section 301

"Section 301, as construed by the New York courts, permits a court to exercise jurisdiction over a foreign corporation on any cause of action if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Landoil Res. Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotation marks and citations omitted). "New York law requires that the defendant be present in New York not occasionally or casually, but with a fair measure of permanence and continuity." Id. (internal quotation marks and citation omitted). This test is a "simple pragmatic one" and is "necessarily fact sensitive because each case is dependent upon its own particular circumstances." Id. (citations omitted). Ultimately, the Court analyzes a

defendant's contact with the state "for whether such contacts show a continuous, permanent and substantial activity in New York." Id. (quoting Weinstein, Korn & Miller, New York Civil Practice, ¶ 301.16 at 3-32).

"In assessing jurisdiction under this pragmatic standard, New York courts have generally focused on the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." Id. (citing Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985)). Although solicitation of business alone will not justify a finding of corporate presence in New York, personal jurisdiction may be found to exist "if the solicitation is substantial and continuous, and defendant engages in other activities of substance in the state." Id.. at 1043-44 (citations omitted).

Elite Staffing is an Illinois company, with a principal place of business in Chicago. Compl. at ¶ 5; Declaration of Gary Cole [Docket Entry No. 9] ("Cole Dec.") at ¶¶ 3-4. There is no evidence that Elite Staffing has any office, bank account, or other property in New York. Plaintiff argues that Elite Staffing maintains a "continuous and systematic" presence in New York because it advertises that it is capable of providing "local coverage for a number of cities in the state of New York" through a "national staffing agency alliance." Plaintiff's Brief in Opposition [Docket Entry No. 10] ("Pl. Opp.") at 7-8; Declaration of Alan Kristel ("Kristel Dec.") [Docket Entry No. 11], Ex. A. Plaintiff further argues that it would be "impossible" to provide such services unless defendant had "employees or agents conducting business in the state." Pl. Opp. at 8.

Thus, there is evidence that defendant does solicit business within New York, at least to a

5

limited extent. However, in order to confer jurisdiction, such solicitation must be "substantial and continuous," and defendant must be engaging in "other activities of substance in the state." Landoil, 918 F.2d at 1043-44 (citing cases); see also Stephan v. Babysport, LLC, 499 F.Supp.2d 279, 285-86 (E.D.N.Y. 2007). "Solicitation of business contracts can reach a level sufficient to support general jurisdiction only through 'extensive conduct directed toward or occurring in New York.'" Freeplay Music, Inc. v. Cox Radio, Inc., No. 04 Civ. 5238, 2005 WL 1500896, at *3 (S.D.N.Y. June 23, 2005) (quoting Reers v. Deutsche Bahn AG, 320 F.Supp.2d 140, 155 (S.D.N.Y. 2004)); see also Holness v. Maritime Overseas Corp., 251 A.D.2d 220, 676 N.Y.S.2d 540, 543 (1st Dep't 1998) ("New York has no jurisdiction over a foreign defendant company whose only contacts with New York are advertising and marketing activities plus representatives' occasional visits to New York.").

In this case, there is no evidence of such extensive conduct, as plaintiff has identified only one statement on defendant's website indicating that it is capable of serving clients in New York. See generally Stephan, 499 F.Supp.2d at 286. Plaintiff's allegations that defendant has employees or agents located within New York are merely speculative and conclusory, and are therefore insufficient to establish jurisdiction. Gmurzynska v. Hutton, 257 F.Supp.2d 621, 625 (S.D.N.Y. 2003) ("[C]onclusory allegations are not enough to establish personal jurisdiction."). In sum, plaintiff's current submissions do not demonstrate that defendant is engaged in "such a continuous and systematic course of doing business" as to warrant a finding of general jurisdiction. The question is therefore whether defendant is subject to specific jurisdiction pursuant to Section 302.

C.  Specific Jurisdiction Pursuant to Section 302

CPLR Section 302(a) provides:

Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

Plaintiff has not alleged that the Court has specific jurisdiction over defendant pursuant to Sections 302(a)(2), (a)(3), or (a)(4). Accordingly, the Court analyzes only the question of whether there is specific jurisdiction pursuant to Section 302(a)(1).

"A nondomiciliary transacts business under CPLR 302(a)(1) when he purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." 777388 Ontario Ltd. v. Lencore Acoustics Corp., 142 F.Supp.2d 309, 320 (E.D.N.Y. 2001) (internal quotation marks and citation omitted). "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never

enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." Chloe, 616 F.3d at 170 (2d Cir. 2010) (quoting Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 522 N.E.2d 40, 43, 527 N.Y.S.2d 195, 198-99 (1988)).

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006). "Demonstrating that a defendant 'transacted business' in New York for the purposes of § 302(a)(1) requires considerably less contact with New York than is necessary to establish that a defendant is doing business." Wickers Sportswear, Inc. v. Gentry Mills, Inc., 411 F.Supp.2d 202, 208 (E.D.N.Y. 2006).

> "Several factors should be considered in determining whether an out-of-state defendant transacts business in New York, including: (1) 'whether the defendant has an ongoing contractual relationship with a New York corporation'; (2) 'whether the contract was negotiated or executed in New York'; (3) 'whether the defendant visited New York for the purpose of meeting with the parties to the agreement'; and (4) 'the choice of law clause in the agreement.'"

Id. (quoting Smit v. Isiklar Holding, A.S., 354 F.Supp.2d 260, 265 (S.D.N.Y. 2005)). None of the above factors is dispositive. Id. "If, under the totality of the circumstances, a defendant purposefully availed itself of the privilege of conducting business in New York, thereby invoking the benefits and protections of its laws, the defendant 'transacts business' within the meaning of Section 302(a)(1)." Id. (citation omitted).

The first and fourth factors do not favor the exercise of jurisdiction. Since plaintiff is a Georgia limited liability company, Compl. at ¶ 4; Kristel Dec. at ¶ 10, it is not a "New York

8

corporation." See Walden v. Lorcom Tech., Inc., No. 05-CV-3600, 2009 WL 799955, at *6 (E.D.N.Y. Mar. 24, 2009) ("For the purposes of jurisdiction, a 'New York corporation' is one that is incorporated in New York."). Accordingly, plaintiff does not allege that defendant has an "ongoing contractual relationship with a New York corporation." Furthermore, the Staffing Agreement plainly states that it is governed by Illinois law. Compl. at Ex. A ("This Agreement shall be governed by the internal laws of the State of Illinois . . . .").

Plaintiff's arguments in favor of exercising personal jurisdiction largely focus on its *own* contacts with New York. Plaintiff states that its executives negotiated the terms of the Staffing Agreement while in Suffolk County, New York, and that plaintiff executed the contract there.[2] Compl. at ¶ 2; Pl. Opp. at 3, 11. Plaintiff also highlights the fact that it made payments pursuant to the Staffing Agreement from its executive offices in Suffolk County and that its "accounts payable department" resides there. Compl. at ¶ 10; Pl. Opp. at 3, 11. However, as defendant accurately points out, plaintiff's own contacts with New York are not relevant to the issue of personal jurisdiction over defendant. See, e.g., GMS Group, Inc. v. Sentinel Trust Co., No. 97 Civ. 1342, 1997 WL 414147, at *5 (S.D.N.Y. July 23, 1997) (noting that "plaintiff's own activities in New York did not confer personal jurisdiction over defendant"); Lewis v. Savant, No. 90 Civ. 2677, 1990 WL 240499, at *1 (S.D.N.Y. Dec. 26, 1990) ("[P]laintiff is in essence seeking to assert jurisdiction over foreign defendants on the basis of plaintiff's own activities within the State of New York. New York courts have, however, flatly rejected such an

---

[2] It appears that the parties negotiated the material terms of the contract at their respective offices, with Wesley negotiating on behalf of Diversapack from Commack, New York, Kristel Dec. at ¶ 4, and Cole negotiating on behalf of Elite Staffing from Chicago, Illinois, [Docket Entry No. 13 at ¶ 10].

9

argument."); PaineWebber, Inc. v. The Westgate Group, Inc., 748 F. Supp. 115, 119 (S.D.N.Y. 1990); Mktg. Showcase, Inc. v. Alberto-Culver Co., 445 F. Supp. 755, 759 (S.D.N.Y. 1978).

Defendant's participation in contractual negotiations from its offices in Chicago does not confer personal jurisdiction, even if plaintiff's representative was located in New York at the time. See, e.g., Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 766 (2d Cir. 1983) ("New York courts have consistently refused to sustain section 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York."); Sdrodzki v. Marcello, No. 10-CV-5191, 2011 WL 3665152, at *10 (E.D.N.Y. Aug. 19, 2011) ("[W]here, as here, 'a defendant's contacts with New York consist of telephone calls, fax transmissions, and correspondence in connection with the negotiation of a contract that has a center of gravity well outside the state, there is no personal jurisdiction under C.P.L.R. § 302(a)(1).'"); Dogan v. Harbert Const. Corp., 507 F. Supp. 254, 261 (S.D.N.Y. 1980) ("[I]t is settled law in New York that interstate negotiations by telephone do not subject the caller to the jurisdiction of the receiver."). "Even in the case of more extensive negotiations . . . courts have found that jurisdiction is not established where the defendant conducted those negotiations from outside the state exclusively by telephone, facsimile transmissions, or mail." Stengel v. Black, No. 03 Civ. 495, 2003 WL 1961638, at *2 (S.D.N.Y. Apr. 25, 2003) (citing cases).

"Under rare circumstances, jurisdiction can be based exclusively on telephone calls placed from outside the state – but only if the defendant projects itself into New York events, where it can be said to have engaged in extensive purposeful activity in New York by virtue of the calls." Id. at *2 n. 2 (internal quotation marks, bracketing, and citations omitted). "In order for out-of-state communication about a contract alone to confer personal jurisdiction, the 'center

10

of gravity' of that contract must be New York." ING Global v. United Parcel Svc. Oasis Comp Supply Corp., No. 11 Civ. 5697, 2012 WL 28259, at *3 (S.D.N.Y. Jan. 4, 2012). However, the "center of gravity" of the Staffing Agreement is certainly not in New York; as plaintiff recognizes, the contract relates to the staffing of five (5) different facilities, none of which are located New York.

Finally, plaintiff emphasizes the fact that Elite Staffing's president and CFO traveled to Diversapack's offices New York on one (1) occasion in May 2009. Diversapack's president, Alan Kristel states, rather cryptically, that the meeting was held to negotiate "the final terms of the Staffing Agreement" with Diversapack's human resources director and CFO, Tony Wesley. Kristel Dec. at ¶ 4.[3] "Courts have found personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1) where the negotiations that took place in New York were essential in furthering the ultimate agreement or relationship between the parties." Palmer v. Globalive Commc'ns Corp., No. 07 Civ. 038, 2008 WL 2971469, at *7 (S.D.N.Y. Aug. 1, 2008) (citing cases). "Personal jurisdiction has also been found where the negotiations in New York determined the fundamental substantive terms of the parties' agreement." Id. (citing cases).

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." Penguin Group, 609 F.3d at 34. The fact that a meeting occurred in New York is insufficient to demonstrate personal jurisdiction, and Kristel's bare allegation that the parties met in New York to "negotiate the final terms" of the contract is

---

[3] Gary Cole, the president of Elite Staffing, states in a declaration that there were "no substantive discussions" during this meeting, which lasted less than an hour. Cole Dec. at ¶¶ 7-9. Cole further states that he negotiated the terms of the Staffing Agreement over the telephone and in correspondence sent from Elite Staffing's offices in Chicago. Id. at ¶ 10. For the purposes of this motion, however, all such inconsistencies are resolved in plaintiff's favor.

11

insufficient to meet that burden. See Palmer, 2008 WL 2971469, at *7; PaineWebber, 748 F. Supp. at 119 ("transacting business" standard not met by "series of frequent telephone calls and telecopies and [] one meeting during which a modification of the agreement was memorialized"); PaineWebber, Inc. v. WHV, Inc., No. 95 Civ. 0052, 1995 WL 296398, at *3 (S.D.N.Y. May 16, 1995) ("occasional meetings in the forum state that are exploratory, unproductive or insubstantial are insufficient to establish requisite contacts with the state"). Furthermore, Kristel does not state that he was part of any negotiations or that he had personal knowledge of what transpired during the meeting. In short, plaintiff has not established that defendant "transacted business" within the state. See generally Presidential Realty Corp. v. Michael Square West, Ltd., 44 N.Y.2d 672, 673, 376 N.E.2d 198, 199, 405 N.Y.S.2d 37, 38 (1978) ("No reliance can be placed on any attendant negotiations on that day since no proof is tendered by one having personal knowledge either of the fact or the extent of any negotiations.").

The Court has considered plaintiff's allegations in their entirety. The Court finds that plaintiff has failed to meet its burden of demonstrating that the Court has general or specific jurisdiction over the defendant.

D.  Subject Matter Jurisdiction

Defendant further argues that the complaint should be dismissed because plaintiff has failed to allege a complete diversity of citizenship between the parties. The Court is satisfied, however, that this defect has been cured by plaintiff's subsequent submissions. In his declaration, Alan Kristel lists the citizenship of each of Diversapack's members, demonstrating a complete diversity of citizenship between the parties.

III. Conclusion

For the foregoing reasons, defendant's motion to dismiss is granted. The complaint is dismissed without prejudice to being re-filed in a court that has personal jurisdiction over defendant. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:     March 20, 2012
             Central Islip, New York